IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ABRAHAM GRANT**  **PLAINTIFF**
**ADC #128147**

v.                                  No. 2:24-cv-125-DPM

**E. DION WILSON,**
**Circuit Judge, Phillips County**                **DEFENDANT**

### ORDER

Grant has paid the filing fee, and this Court must screen his *pro se* complaint. 28 U.S.C. § 1915A. Grant is serving a life sentence for capital murder. In January 2023, he petitioned the Phillips County Circuit Court to correct what Grant believes is an illegal sentence. *Doc. 2 at 11–15.* In October 2023, that Court (Judge Wilson presiding) granted his motion to proceed *in forma pauperis.* Grant now sues under 42 U.S.C. § 1983, alleging that Judge Wilson's delay in addressing the merits of his petition violates his constitutional rights. *Doc. 2.* Grant seeks an order requiring Judge Wilson to act.

This Court cannot provide the ultimate relief Grant seeks in this § 1983 case. To challenge the validity of his state criminal sentence, Grant must do so either in state post-conviction proceedings or, after exhausting those remedies, through a petition for federal habeas review. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Accepting the

pleaded facts as true, Grant's dissatisfaction with Judge Wilson's speed in addressing his pending state petition does not state a constitutional claim. This Court does not superintend Judge Wilson's docket. The circumstances do not show a due process violation; litigation takes time. Grant's complaint is therefore dismissed without prejudice. The Court recommends that this dismissal count as a "strike" for the purposes of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

5 August 2024